### MOUND CITY CO. v. CASTLEMAN et al.

(Circuit Court, W. D. Missouri, Central Division. July 15, 1909.)

#### No. 2,320.

1. EQUITY (§ 182*)—PLEADING—PLEA IN BAR—RES JUDICATA.
    An answer to a bill in equity may plead a former judgment in bar in connection with matters of defense to the merits.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 418; Dec. Dig. § 182.*]

2. JUDGMENT (§ 949*)—RES JUDICATA—PLEA IN BAR—FORM.
    A plea of res judicata should not merely plead former judgment as an ultimate fact, but should set forth the commencement of the suit in which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the judgment was rendered, its general character, object, and the relief prayed, and aver the facts with reference to the subject-matter, so that it shall appear that there is identity of subject-matter.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1795–1803; Dec. Dig. § 949.*]

**8.** EQUITY (§ 182*)—PLEADING—ALLEGATIONS OF MATTERS JUDICIALLY NOTICED.

An answer to a bill is not defective because it alleges matter of record which would be judicially noticed, as a predicate for defendant's contention that by the course of pleading and action taken thereon complainant acquiesced therein.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 418; Dec. Dig. § 182.*]

**4.** EQUITY (§ 191*)—PLEADING—EXCEPTIONS.

The allegations of matter in a bill which the court would judicially notice is insufficient to sustain an objection for impertinency.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 434; Dec. Dig. § 191.*]

**5.** EQUITY (§ 191*)—ANSWER—OBJECTIONS—ESTOPPEL.

Where a complainant charged defendants, parties to a prior suit in the state court for partition of the property in controversy, and their attorneys, in general terms with fraud in the allotment of parcels of land, to the prejudice of complainant's rights, but did not set out the conduct constituting the fraud, complainant could not object that allegations in the answer, intended to show the good faith and regularity of the proceedings leading to the partition decree, etc., were impertinent.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 434; Dec. Dig. § 191.*]

**6.** EQUITY (§ 191*)—EXCEPTIONS.

Exceptions to allegations in an answer as impertinent are unsustainable, where they include facts pleaded which are responsive to the bill and admissible as defensive matter.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 434; Dec. Dig. § 191.*]

Silver & Brown, for plaintiff.

W. M. Williams, John Cosgrove, W. G. G. T. Pendleton, and Campbell Cummings, for defendants.

PHILIPS, District Judge. The exceptions filed by the complainant to the answers of the defendants fitly enough illustrate the unnecessary delays in reaching a final decree in chancery cases. When at the March term, 1909, of this court, the complainant, after so much delay, filed its supplemental bill against the defendants' protest, and the defendants expressed a desire to raise objections to certain portions of the amended bill, the court suggested, in order to expedite the final hearing of the cause, that the defendants make answer, in which they could avail themselves on the final hearing of all there was in the matter of their objections affecting the merits of the controversy. This was acquiesced in. On April 16, 1909, the defendants made full answer, to which the complainant has filed a most unusual number of exceptions for impertinency, going to almost every feature of the plead-

ings. Whether allowed or disallowed, as to many of them, would not control or affect the questions of law and fact which will ultimately determine the merits of this controversy.

Many of the criticisms made upon the answers pertain to matters of technical procedure, which, at one time was so much adhered to by chancellors, the Supreme Court in formulating the equity rules sought to obviate. Rule 37, for instance, declares:

"No demurrer or plea shall be held bad and overruled upon argument, only because the answer of the defendant may extend to some part of the same matter as may be covered by such demurrer or plea."

Rule 39 declares, inter alia, that:

"The defendant shall be entitled in all cases by answer to insist upon all matters of defense (not being matters of abatement, or to the character of the parties, or matters of form) in bar of or to the merits of the bill, of which he may be entitled to avail himself by a plea in bar; and in such answer he shall not be compellable to answer any other matters than he would be compellable to answer and discover upon filing a plea in bar, and an answer in support of such plea, touching the matters set forth in the bill to avoid or repel the bar or defense."

Giving to these rules a construction in furtherance of their spirit and object, many of the exceptions taken to the answers herein are quite inconsequential. For instance, the answer pleads in bar, as is permissible in connection with matters of defense to the merits, a proceeding and judgment in the state court in partition between the original parties to the bill of the same lands mentioned in the bill of complaint, which matters the answers plead have passed in rem judicatum. The objection made in argument to the extended reference made in the plea to the proceedings in the state court, leading up to the final judgment therein, if I correctly comprehended it, is that it would have been sufficient merely to have pleaded the judgment as the ultimate fact. If this were an action based upon a judgment, it doubtless would have been sufficient to have alleged that the judgment was duly rendered in the proceeding in a court of competent jurisdiction between the same parties, or the like; but the plea in bar under consideration is to show that, under the pleadings and issues, the proceedings had pertained to and covered the whole question of the rights of the tenants in common and jointure, as well as the dower interest in the same lands, between the same parties, involving the same questions of law and fact sought to be relitigated in the bill of complaint in this jurisdiction, and that the judgment so rendered in the state court constitutes a bar to the suit here in question. I think this was permissible and necessary. Story on Equity Pleadings, § 736, says:

"The plea should set forth with certainty the commencement of the former suit, its general nature and character, its object, and the relief prayed. The plea should aver, and so the facts should be, that the second suit is for the same subject-matter as the first, and therefore a plea, which did not expressly aver this, although it stated matter tending to show it, was considered as bad in point of form. It should state that the same issues were joined in the former suit, as in the suit now before the court, and that the subject-matter is the same, and that the proceedings in the former suit were taken for the same purpose. The plea should also aver that there have been proceedings

in the suit; such as an appearance, or process requiring an appearance at least."

It is true that said rule was applied more especially with respect to the plea of lis pendens; but, as applied to the situation of the litigation here, I think the same rule should apply.

Objection is also urged in the exceptions and argument to the reference made in the plea in bar to the proceedings had in this court, leading up to the action taken by the court at a former term on the answer to the original bill, postponing the proceedings in this court until the final determination of the partition suit pending in the state court; the criticism being that matters of record in the same suit in the same court will be judicially noticed by the court without recitation thereof. If this were conceded, the reference to the antecedent proceedings had in this court could not possibly prejudice the complainant, nor increase the costs; but the reference to said proceedings in the answer is made as a predicate for the contention made by the defendants that by the course of pleading and action taken thereon the complainant acquiesced therein. Be this as it may, the objection thereto does not distinctly come within the purview of an exception for impertinency, as the matter pleaded raises the question of operative law.

Especial complaint is made in the exceptions, and discussion thereof, to various statements made in the answer tending to show the good faith and regularity of the proceedings leading up to the judgment in partition in the state court, and the like. There might be merit in this objection, but for the fact that throughout the amended bill of complaint the complainant with reiteration in a general way charged the parties, and even their attorneys, in the conduct and management of the case in the state court, and in the matter of the allotment in parcels of land by the commissioners in partition, with fraud to the prejudice of the rights of the complainant herein. As there is no specification as to what the particular acts and conduct were constitutive of the imputed fraud, the answer could not well content itself by a simple denial; but this matter is well met by the statement of the generally recognized rule in Mercantile Trust Company v. M., K. & T. Ry. Co. (C. C.) 84 Fed. 379–384, by Judge Wheeler, as follows:

"As defenses, strictly, the parts of the answer found by the master to be immaterial and scandalous are so: and, if that were all, they should be suppressed. But the bill itself brings forward the motives of the suit, and charges bad motives to the officers of the defendant. The plaintiff has no right to say in its allegations that these things shall not be met. Some of the statements in the answer go further, perhaps, than was justifiable; but as the master divided them by the line of strict defenses, and that cannot be followed, no attempt to distinguish them on any line is made here. Exceptions to report sustained, and motion to strike out pleas and exceptions to answer overruled."

Several of the exceptions are vulnerable to the objection that while some particular sentences contained in the answer may be impertinent, the exceptions include many other facts pleaded which are responsive to the bill and are admissible as defensive matter. Therefore such exceptions are too broad and should be overruled.

The exceptions to all the answers are overruled, and the court will again observe: As it is quite apparent that the ultimate determination of the rights of the parties in this controversy will unquestionably turn upon few controlling questions of law and fact, the complainant would best subserve his own interest, if he have a meritorious cause of complaint, by passing over these dilatory pleas and coming to a final issue.